Nov. Term, 1851.

LEWIS
v.
MATLOCK.

---

## LEWIS *v.* MATLOCK and Others.

Evidence is admissible to prove the consideration of a general receipt upon a judgment.

A judgment-creditor filed his bill to subject to sale for the payment of his judgment, land previously conveyed by the debtor to another creditor, to secure a prior judgment of the latter. The Court found a balance due on the older judgment, and decreed that the premises should be sold and the proceeds applied—first, to the payment of such balance; and, next, towards the satisfaction of the complainant's judgment. *Held*, that the complainant could not object to the decree.

Saturday,
November 29.

ERROR to the *Hendricks* Circuit Court.

SMITH, J.—*Lewis*, the plaintiff in error, filed a bill in chancery to subject certain real estate to the payment of a judgment rendered in his favor in *October*, 1842, against one *Dicken*.

The facts disclosed by the bills and answers are as follows:

In the year 1836, *Dicken* conveyed the property in question to *Alexander Worth*, as the agent of one *Simpson*, to secure a debt amounting to about 1,900 dollars, due from *Dicken* to *Simpson*. In 1838, *Dicken* having paid *Simpson*

a part of that sum, *Worth* took from him three notes for the payment to *Simpson* of about 1,500 dollars, and gave him a bond for the conveyance of the property to him on the payment of those notes. *Simpson* obtained judgments on those notes in the *Hendricks* Circuit Court, and assigned the judgments to *Matlock*, directing *Worth* to hand over to *Matlock* the securities that had been taken.

*Lewis* charged in his bill that these judgments had all been satisfied, and that *Dicken* was entitled to a reconveyance by *Worth*.

One of these judgments was for 549 dollars, and upon it an execution was issued in 1841, under which the sheriff levied on a tract of land and a large quantity of personal property. A part of this property was sold for money sufficient to satisfy this execution in full, and to make about 73 dollars surplus, which was applied on an execution issued on one of the other judgments. The remainder of the property levied on, being personal property, remained unsold for want of bidders, and was left in *Dicken's* hands, who used and disposed of it without any objection from *Matlock*, who was not present, assumed no control, and had no express knowledge of the proceedings of the sheriff.

Upon the other two judgments in favor of *Simpson*, there were various credits indorsed, showing payments at different times, and receipts by *Matlock*, dated *March* 6th, 1841, for the balance due in full.

*Matlock* charged, in a cross bill, that on said 6th of *March*, 1841, he had an account with *Dicken* of the balance due on these judgments, and it was found there then remained unpaid 531 dollars; and that he agreed to take a conveyance of a part of the land at the price of 500 dollars, 31 dollars only being paid him in money; in this way, explaining the reason of the judgments being receipted in full.

It was charged and admitted, that in *July*, 1841, *Dicken* sold to one *De Pew* all of the property except that part conveyed to *Matlock*, as above mentioned, for 720 dollars, and *Worth*, with the consent of *Matlock*, made a convey-

ance to *De Pew.* In this transaction, to procure the consent of *Matlock, De Pew* was to surrender a note for 107 dollars which *Matlock* owed him, in part payment. For the balance of the purchase-money, he was to account to *Dicken;* but *Matlock* denies that *De Pew* ever gave him the said note.

Although the receipts for the balances due on these judgments bear the date of *March* 6th, 1841, they were, in fact, made in 1848, and were ante-dated. It was proved, by oral testimony, that in 1848 *Dicken* still owed *Matlock* upwards of 700 dollars on the judgments; that the latter took a conveyance of the property before mentioned at the price of 500 dollars; that it was actually worth about 400 dollars; and that the balance, to make up the 700 dollars due, was paid him by the replevin-bail, *Dicken* being then notoriously insolvent.

The Circuit Court decreed that there was due on these judgments, to *Matlock*, 500 dollars; that *Matlock* holds the premises in trust for the payment of that sum; and that the complainant may have an execution to sell the property so held by *Matlock*, to be applied to the payment of his debt, *after the payment of that sum to Matlock.*

The plaintiff in error contends that parol evidence was inadmissible to contradict the records of the judgments and executions showing their satisfaction. But the evidence admitted does not in any way impeach or contradict the receipts; it merely shows the nature of the consideration for which they were executed, and for this purpose it is certainly unobjectionable.

We think the decree is clearly right, or, at least, as favorable to the complainant as he could ask. *Matlock* received the land which the complainant now seeks to have applied to the payment of his debt, in part satisfaction of his prior judgments, and as there is nothing in the case which affords any ground for giving the complainant the priority, the most he could demand would be to have the land sold, if it was worth more than it was received for by *Matlock*, and to have the surplus appropriated to the payment of his debt.

*Per Curiam.*—The decree is affirmed with costs.

J. A. *Wright* and C. C. *Nave*, for the plaintiff.

J. S. *Harvey*, for the defendants.